# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET MAZUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. A. No. 18-01018 ) |
| CITY OF PITTSBURGH, JASON LANDO, and THOMAS NEE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

### I. Introduction

City of Pittsburgh ("City") and two officials of the City's police department—Jason Lando ("Commander Lando") and Thomas Nee ("Detective Nee")—(collectively "defendants"), removed the present case to this court under 28 U.S.C. §1441(a). (ECF No. 1.) Defendants seek the court's leave to file a motion to dismiss for failure to state a claim. (ECF Nos. 3, 9.) Because this court's subject-matter jurisdiction is not apparent from the complaint, the court will afford Margaret Mazur ("plaintiff") an opportunity to file an amended complaint and will deny defendants' pending motions as moot.

### II. Brief Factual and Procedural History[1]

The triggering event in this case was plaintiff's employer filing a police report after five hundred dollars went missing at plaintiff's place of employment. (ECF No. 1-2 ¶ 10.) During the ensuing investigation, Detective Nee allegedly made a statement to plaintiff's employer that not

---

[1] Because plaintiff is proceeding pro se, the court will liberally construe her contentions and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

only damaged her reputation, but also led to her termination. (Id. at 27.) Specifically, Detective Nee told plaintiff's employer that he had enough evidence to arrest plaintiff. (Id. ¶ 13.) Plaintiff contends that Detective Nee's statement was in contravention of standard police procedures because there was no evidence that plaintiff was guilty of the theft and the police investigation of the missing funds was not finished. (Id. ¶¶ 8, 9, 20.) Plaintiff notified Detective Nee's supervisor, Commander Lando, and the City about the alleged defamatory statement, but there was no corrective action. (Id. ¶ 4.)

Based on the foregoing, plaintiff filed a pro se complaint in the Allegheny County Court of Common Pleas on May 17, 2018. (ECF No. 1-2.) Defendants construed the complaint as asserting various state law tort claims and responded with preliminary objections. (ECF No. 1-5.) Plaintiff's response to those objections contained various references to the Fifth and Fourteenth Amendment of the United States Constitution and specifically cited 42 U.S.C. § 1983. (ECF No. 1-6 at 2, 4, 5.) The response prompted defendants to remove the case to this court on August 2, 2018. (ECF No. 1.) On August 14, 2018, defendants filed a motion seeking leave of court to file a motion to dismiss. (ECF No. 3.) On August 19, 2018, plaintiff filed an opposition to defendants' motion prompting defendants to file a brief in support on August 20, 2018. (ECF Nos. 6, 7.) Before the court ruled on that motion, defendants filed a motion to dismiss with a brief in support on September 26, 2018, to which plaintiff responded on October 3, 2018. (ECF Nos. 9, 10, 11.) Accordingly, the matter is now ripe for disposition.

**III.    Standard of Review**

To remove a case to federal district court under 28 U.S.C. § 1441—the general removal statute—a party must establish that the district court has original jurisdiction under either federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Removal statutes are to be

strictly construed, with all doubts to be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).

"Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Therefore, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). "That obligation extends to removal cases, as well as to those originally filed in the district courts." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999); Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila., 657 F.2d 29, 30 (3d Cir.1981)). Accordingly, a court must remand a removed case "if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." 28 U.S.C. § 1447(c).

**IV.    Discussion**[2]

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction under § 1331 is analyzed under "the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–113 (1936)). Therefore, "a defendant may not remove a case to federal

---

[2] The court need not discuss diversity jurisdiction under 28 U.S.C. 1332 because the parties are citizens of Pennsylvania. 28 U.S.C. § 1332(a)(1).

court unless the *plaintiff's* complaint establishes that the case "arises under" federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 10 (1983). However, an independent corollary to the well-pleaded complaint rule is the artful pleading doctrine. River v. Regions Banks of La., 522 U.S. 470 475 (1998). Under this doctrine, if plaintiff has artfully pleaded claims by omitting necessary federal questions, "removal may be upheld even though no federal question appears on the face of the plaintiff's complaint." Id.

Here, defendants premise their removal petition on this court' federal question jurisdiction and contend that plaintiff has artfully pleaded her complaint in an attempt to disguise a federal law claim as a state law claim. (ECF No. 1 ¶¶ 9, 10.) Applying the well-pleaded complaint rule, the court finds that plaintiff's claims, on their face, do not arise under federal law. Moreover, plaintiff's factual allegations do not suggest that the complaint was artfully pled to avoid federal jurisdiction. The court also reviewed plaintiff's response to defendants' preliminary objections and plaintiff's brief in opposition to defendants' motion to dismiss. (ECF Nos. 1-6, 11.) In those documents, plaintiff seems to advance claims under 42 U.S.C. § 1983 based on violations of her Fifth and Fourteenth Amendment rights. (ECF Nos. 1-6 at 2, 4, 5; 11 at 9, 11, 14.) Plaintiff's factual allegations, however, do not suggest that she has any cognizable § 1983 claims. It is well established that in ascertaining subject-matter jurisdiction an "erroneous reference to federal law is not controlling." Club Comanche, Inc. v. Gov't of Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002) (citing N. Am. Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229, 233 (2d Cir.1978)).

Nevertheless, given her pro se status, the court will afford plaintiff an opportunity to plead her § 1983 claims by filing an amended complaint and defendants will have an opportunity to respond as they deem appropriate. On or before January 22, 2019, plaintiff may file an amended complaint. If an amended complaint is not filed within that time, the court must conclude that there

4

are no federal claims plead and will remand this case to the Allegheny County Court of Common Pleas under 28 U.S.C. § 1447(c).

**V.     Conclusion**

For the reasons stated above, on or before January 22, 2019, plaintiff may file an amended complaint. Defendants' pending motions, (ECF Nos. 3, 9,) are denied as moot. An appropriate order follows.

By the court,

Dated: December 21, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge